IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00476-BNB

ABIEL LAEKE,

Applicant,

v.

PATTY GABOW OF DENVER HEALTH,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 05 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Abiel Laeke, is confined at the Colorado Mental Health Institute at Pueblo, Colorado (CMHIP). On March 8, 2010, Mr. Laeke filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On March 10, 2010, Magistrate Judge Boyd N. Boland determined that the application was deficient and ordered Mr. Laeke to file an amended application in order to name a proper Respondent and to provide a clear statement of his habeas corpus claims and the factual allegations that support each asserted claim. On March 24, 2010, Mr. Laeke filed an amended application for a writ of habeas corpus.

The Court must construe the amended application liberally because Mr. Laeke is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

The Court has reviewed the amended habeas corpus application filed on March 24 and finds that Mr. Laeke has not corrected the deficiencies identified by Magistrate Judge Boland. First, Mr. Laeke still fails to name a proper Respondent. As Magistrate Judge Boland informed Mr. Laeke, the law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; **Harris v. Champion**, 51 F.3d 901, 906 (10th Cir. 1995). However, rather than naming his custodian at CMHIP as Respondent, Mr. Laeke names as Respondent the chief executive officer of Denver Health, a Denver medical facility. Mr. Laeke's allegation that Respondent's business practices resulted in his being jailed does not demonstrate that Respondent is Mr. Laeke's custodian.

More importantly, the amended application is deficient because Mr. Laeke fails to assert any habeas corpus claims and he fails to request any relief appropriate in a habeas corpus action. As Magistrate Judge Boland advised Mr. Laeke, "[t]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Despite this advisement, Mr. Laeke does not assert any claims challenging the legality of his custody.

In the amended application, Mr. Laeke provides the following description of the background of this case:

> On or about January 13[,] 2004[,] the respondent's [sic] used collusive behavior, their [sic] medical practices resulting in my conviction which can be identified through an IRS Audit, Failure to treat head Injuries and proffer allegations of

2

     Sexual Mis-Conduct, Damaged the Applicant and his Family,
     Further the Respondent's Employees lead this collusive
     [sic] behaviour [sic].

(Am. Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 at 2.) Applicant specifically asserts three claims for relief. He alleges in his first claim that "Denver Health operates a Medical Facility with lax supervisory operations. It (Denver Health) is a team of Medical professional [sic] that is not whith [sic] video tape relay camera recordable supervision. Thier [sic] Center Command lacks this, allowing the professionals to offer allegations to the Authorities[.] See 04CR503." (*Id.* at 3.) Applicant alleges in his second claim that "[o]n or [sic] January 13[,] 2004[,] Hope Carranco and Dr. Carey Renken Failed to return my belt causing me to expose myself to Mrs[.] Carranco further Insuing [sic] me to expose my erection to Dr[.] Renken but on the miseadmenor [sic] offense I was not indecent." (*Id.*) Finally, Applicant alleges in his third claim that "[t]he Supervisors of Denver Health and Employees failed to tend to there [sic] Supervisory obligation. In regards to the technological advances here available making them responsible to the Applicant of thier [sic] allegations in procedural dutiness." (*Id.* at 4.) Applicant requests as relief in the amended application "an IRS Audit," "an Investigation in Dr. Renken and Mr. [sic] Carranco's Backgrounds," and "payment at the goin [sic] rate for Plaintiff's illegally or wrongfully detained [sic]." (*Id.* at 5.)

  The Court will dismiss the instant habeas corpus action because Mr. Laeke fails to name a proper Respondent, he fails to assert any claims challenging the legality of his current custody, and he fails to request any relief that is appropriate in a habeas

corpus action. The Court will not construe Mr. Laeke's claims as asserted pursuant to some other statutory authority because it does not appear that the Court has subject matter jurisdiction over those claims. Although Mr. Laeke is not represented by an attorney, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." ***Garrett v. Selby Connor Maddux & Janer***, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed without prejudice. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this _2nd_ day of _April_, 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00476-BNB

Abel Laeke
Prisoner No. 85103
CMHIP
1600 W. 24th Street
Pueblo, CO 81003

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4\5\10

                              GREGORY C. LANGHAM, CLERK

                              By: _____
                                      Deputy Clerk